UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH R. BRIDGEWATER,<br><br>    Petitioner,<br><br>vs.<br><br>A.K. SCRIBEN, Warden,<br><br>    Respondent. | Civil No.   07-1340 JAH (WMc)<br><br>**ORDER DISMISSING HABEAS PETITION WITHOUT PREJUDICE AS SECOND OR SUCCESSIVE** |

On July 23, 2007, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  In this action Petitioner is challenging his October 28, 1996 Imperial County Superior Court conviction and sentence in Case No. CF-227. (*See* Pet. at 1.)

### PRIOR FEDERAL HABEAS PETITIONS DENIED ON THE MERITS

On February 11, 2000, Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was transferred to this Court from the Central District and given case no. 00cv0308 BTM (JAH). (*See* Petition in SO. DIST. CA. CIVIL CASE NO. 00cv0308 BTM (JAH).) In that petition, Petitioner also challenged his conviction and sentence in Imperial County Superior Court case No. CF-227. (*See id.* at 16.)  On March 21, 2001, this Court dismissed the petition because it had been filed well after the expiration of the one-year statute of limitations.

1  (*See* Order filed 3/21/01 in SO. DIST. CA. CIVIL CASE NO. 00cv0308 BTM (JAH).) Petitioner
2  has not appealed that determination.

### INSTANT PETITION BARRED BY GATEKEEPER PROVISION

Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b); *Murray v. Greiner*, 394 F.3d 78 (2d Cir. 2005) (holding that dismissal for failure to comply with one-year statute of limitations renders subsequent petitions challenging the same conviction or sentence "second or successive" under 2244(b)); *Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1029 (C. D. Cal. 2003) (same). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

### CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK APPLICATION TO FOR LEAVE TO FILE SECOND OR SUCCESSIVE PETITION UNDER 28 U.S.C. § 2254.**

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: August 2, 2007

HON. JOHN A. HOUSTON
United States District Judge